888 N.E.2d 197 (2008)
In re GUARDIANSHIP OF M.E.T., a Protected Person,
M.E.T., Appellant-Respondent,
v.
Yolanda Poett and Julie E. Krcelich, Appellees-Petitioners.
No. 71A05-0710-CV-591.
Court of Appeals of Indiana.
March 7, 2008.
Publication Ordered April 14, 2008.
*198 Frederick L. Carpenter, Michael W. Back, Michael W. Back, P.C., Crown Point, Indiana, Attorneys for Appellant.
Brooks J. Grainger, Krisor & Associates, South Bend, Indiana, Attorney for Appellees.

OPINION
BAILEY, Judge.

Case Summary
Appellant-Respondent M.E.T., by counsel, appeals the trial court's grant of co-guardianship over her to Appellees-Petitioners Yolanda Poett ("Poett") and Julie E. Krcelich ("Krcelich"). We reverse.

Issue
Whether the trial court had subject matter jurisdiction over the guardianship proceedings.[1]

Facts and Procedural History
M.E.T. is eighty-four years old. Since November 19, 2006, M.E.T. has lived with her daughter, Marie Lunghofer ("Lunghofer"), in Athens, Alabama. Prior to that time, M.E.T. lived in Granger, Indiana. On May 16, 2007, Poett and Krcelich traveled to Athens, Alabama, to bring M.E.T. back to Indiana. M.E.T. did not return to Indiana and has continued living with Lunghofer in Alabama.
On June 1, 2007, Poett and Krcelich, daughters of M.E.T., filed a petition with the St. Joseph Probate Court for temporary co-guardianship of M.E.T.[2] The petition was granted. M.E.T., by counsel, moved to dismiss the case due to lack of subject matter jurisdiction, arguing that M.E.T. resided in Alabama. After a hearing, the trial court denied the motion. On September 13, 2007, the trial court issued an order granting Poett's and Krcelich's petition for co-guardianship of M.E.T.
M.E.T., by counsel, now appeals.

Discussion and Decision
M.E.T. argues that the trial court did not have subject matter jurisdiction over the guardianship proceedings because M.E.T. does not reside in Indiana. There are two types of jurisdiction. K.S. v. State, 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction is the power of a court to hear and decide a particular class of cases. Id. Personal jurisdiction requires that the appropriate process be effected over the parties. Id. When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever. Allen v. Proksch, 832 N.E.2d 1080, 1095 (Ind.Ct.App.2005).
Indiana Code Section 29-3-2-1 sets the jurisdiction of Indiana courts to hear guardianship actions. Pursuant to this statute, the probate court has jurisdiction of "[t]he business affairs, physical person, and property of every incapacitated person *199 and minor residing in Indiana." I.C. § 29-3-2-1(a)(1) (emphasis added). Indiana Code Section 29-3-2-5 provides that "[t]he residence of a person shall be determined by actual presence rather than technical domicile."
Here, it is undisputed that M.E.T. had been living in Alabama with her daughter for six months before the petition for co-guardianship was filed in Indiana. There is no evidence that she was actually present in Indiana when the petition for co-guardianship was filed. Without actually being present in Indiana, M.E.T. was not a person residing in Indiana according to the statute. Thus, the trial court did not have subject matter jurisdiction, and its order is void ab initio.
Reversed.
NAJAM, J., and CRONE, J., concur.

ORDER
On March 7, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish the Not for Publication-Memorandum Decision.
Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. The Appellant's Motion to Publish the Not for Publication-Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on March 7, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.
Najam, Bailey, Crone, JJ., concur.
NOTES
[1] M.E.T. also raises the issue of whether the trial court erred in granting the petition for guardianship, but we need not address this issue as we conclude that the trial court lacked subject matter jurisdiction.
[2] At some point in time Lunghofer filed a petition for guardianship of M.E.T. in Alabama.